UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re: Jeffery S and Leslie A Wieman

Case No. 10-41033

Chapter 7

## REAFFIRMATION AGREEMENT

Name of Creditor:   Interlakes Federal Credit Union

PO Box 29, Madison, SD  57042

RECEIVED/FILED 2011 JAN 14 A 11: 06 CLERK U.S. BANKRUPTCY COURT DIST. OF SOUTH DAKOTA

### PART A: DISCLOSURE STATEMENT

### INSTRUCTIONS AND NOTICE TO DEBTOR

*Before Agreeing to Reaffirm a Debt, Review These Important*

*Disclosures:*   SUMMARY OF REAFFIRMATION AGREEMENT

This Summary is made pursuant to the requirement of the Bankruptcy Code.

### AMOUNT REAFFIRMED

**The Amount Reaffirmed** includes the total amount of debt (principal and any accrued interest) you agree to reaffirm by entering into this agreement plus any related fees and costs that have accrued as of the date of this Reaffirmation Disclosure Statement:

| | |
|---|---|
| Total amount of Debt: 2005 Nissan Altima | $9,415.80  Principal Balance |
| Total Fees and Costs: | Daily Accrual of Interest |
| **Amount Reaffirmed:** | **$9,415.80** |

*This is the amount you have agreed to reaffirm. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

1

**Security Interest in or Lien Against Goods or Property**

Your debt is secured by a security interest that has not been waived in whole or in part or determined to be void by a final order of the Bankruptcy Court as of the date of this Reaffirmation Disclosure Statement.

| ITEMS/TYPES | ORIGINAL AMOUNT OF LOAN |
|---|---|
| 2005 Nissan Altima | $12,400.00 |

**Repayment Schedule:**

Your payment in the amount of $ 251.00 Monthly, on the 25th of each month, starting on January 25, 2011, but the future payment amount may be different. Consult your credit agreement, as applicable.

**INSTRUCTIONS**

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

<u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. <u>You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement.</u> The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for the consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

### YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

**What are your obligations if you reaffirm the debt?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**Are you required to enter into a reaffirmation agreement by any law?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**What if your creditor has a security interest or lien?** Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE**: When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT**

I(we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:  Secured

Retail installment contract and security agreement dated:  7/13/2009.

Description of any changes to the credit agreement made as part of this reaffirmation

agreement:  NONE

| Date: 1-7-11    X  Jeffrey S and Leslie A Wieman |
| --- |
| _____1-7-11_____ X  /s/ Jeffrey Wieman   /s/ Leslie Wieman |
| 124 NW 4th Street, Madison, SD 57042 |
| ____ Check here if either Debtor's address is different than that shown on the petition. |

4

**ACCEPTED BY CREDITOR:**

INTERLAKES FEDERAL CREDIT UNION

Lynnette I Taylor,   Manager

Date: 12/27/2010   *Lynnette I Taylor*

P.O. Box 29
Madison, SD         57042

### PART C:  CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

[ ] I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

Date: 1-7-11   *Thomas A Blake*

Thomas A Blake
505 W 9th St., Ste. 202
Sioux Falls, SD  57104-3698

### PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement is in my financial interest.  I can afford to make the payments on the reaffirmed debt.

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Date: 1-7-11   Debtor: Jeffery S and Leslie A Wieman

5